UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYLAND RICE, | No. 2:20-cv-01258-JAM-CKD P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PAUL THOMPSON, | |
| Respondent. | |

Petitioner, a federal prisoner proceeding pro se, filed the instant habeas corpus action pursuant to 28 U.S.C. § 2241 in this judicial district, where he is confined. ECF No. 1. On July 29, 2020, the court ordered respondent to file an answer to the petition or a motion to dismiss within 60 days. ECF No. 5. Respondent filed a motion to dismiss the § 2241 petition on September 28, 2020. ECF No. 8. Petitioner filed an opposition and the time for respondent's reply has expired. ECF No. 9. For the reasons explained below, the undersigned recommends granting respondent's motion to dismiss based on lack of jurisdiction.

**I.     Factual and Procedural History**

Petitioner pleaded guilty to bank robbery in violation of 18 U.S.C. 2113(a) on February 28, 2013 in the Northern District of California. See ECF No. 62 in United States of America v.

////

////

1

Rice, Case No. 4:12-cr-00818-PJH-1 (N.D. Cal.).[1]  He was sentenced to serve 168 months in custody followed by 3 years of supervised release.  See Rice II at ECF No. 92.  This conviction also violated petitioner's supervised release in a prior case resulting in an additional term of 18 months to be served consecutively.  See United States v. Rice, Case No. 4:01-cr-40123 (N.D. Cal. July 31, 2013).[2]

The Ninth Circuit Court of Appeal affirmed petitioner's conviction on June 15, 2015.  See United States v. Rice, 607 Fed. Appx. 748 (9th Cir. 2015).  The United States Supreme Court denied his petition for writ of certiorari on November 19, 2015.  See Rice II at ECF No. 128.

Petitioner filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on May 17, 2016.  See Rice II at ECF No. 133.  In this counseled § 2255 motion, petitioner asserted that he was improperly sentenced as a career offender due to prior convictions that did not qualify as crimes of violence in light of the Supreme Court decision in Johnson v. United States, 576 U.S. 591 (2015).  Id.  On March 20, 2017, the sentencing court denied petitioner's § 2255 motion.  See Rice II at ECF No. (citing Beckles v. United States, 137 S. Ct. 886 (2017)).  Petitioner appealed this decision to the Ninth Circuit which denied his request for a certificate of appealability on April 23, 2018.  See Rice II at ECF No. 159.

While his appeal was pending, petitioner filed a pro se motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure arguing once again that he did not qualify as a career offender.  See Rice II at ECF No. 151.  The sentencing court dismissed this motion without prejudice on December 15, 2017 because it was an unauthorized second or successive § 2255 motion.  See Rice II at ECF No. 152.  Petitioner's motion for reconsideration of that decision was denied by the sentencing court on March 9, 2018.  See Rice II at ECF No. 156.

On October 4, 2018 petitioner filed a pro se motion to amend his prior § 2255 motion in an additional attempt to challenge his sentence as a career offender.  See Rice II at ECF No. 160.  The sentencing court once again dismissed the motion without prejudice as an unauthorized

---

[1] Hereinafter referred to as "Rice II."
[2] Hereinafter referred to as "Rice I."

2

second or successive § 2255 motion. See Rice II at ECF No. 161.

On August 22, 2019, the Ninth Circuit Court of Appeal denied petitioner's application for authorization to file a second or successive § 2255 motion challenging his sentence in light of Johnson v. United States, 576 U.S. 591 (2015). See Rice II at ECF No. 170.

One day later, the sentencing court rejected petitioner's "motion for consideration of Amendment 798 and for correction of a sentence pursuant to § 3582" as yet another unauthorized second or successive § 2255 motion. See Rice II at ECF No. 171. Petitioner appealed the sentencing court's denial to the Ninth Circuit Court of Appeal which denied a certificate of appealability on November 8, 2019. See Rice II at ECF Nos. 173, 176.

On April 12, 2020, petitioner filed a pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582. See Rice II at ECF No. 177. The sentencing court appointed counsel to represent petitioner "for the limited purpose of assessing [his] eligibility for [a] reduction of sentence… under the First Step Act." See Rice II at ECF No. 178. Petitioner's motion for compassionate release pursuant to 18 U.S.C. § 3582 was denied by the sentencing court on June 19, 2020. See Rice II at ECF No. 187. Petitioner appealed the sentencing court's denial. See Rice II at ECF Nos. 189-192. On May 21, 2021, the Ninth Circuit vacated and remanded the district court's order denying his compassionate release motion with instructions that it be dismissed without prejudice. See Rice II at ECF No. 199.

Petitioner filed another § 2255 motion in the sentencing court on December 21, 2020 which is still pending. See Rice II at ECF No. 193. This pro se § 2255 motion raises the same sentencing challenge to petitioner's status as a career offender. Id. On May 13, 2021, petitioner filed a request to withdraw that § 2255 motion in order to file a motion for reconsideration of the sentencing court's denial of his motion for compassionate release. See Rice II at ECF No. 198.

In the present § 2241 application, petitioner argues that he should be permitted to challenge his sentence in the jurisdiction of his confinement pursuant to the escape hatch exception of 28 U.S.C. § 2255(e) because he is actually innocent of the career offender sentencing enhancements. ECF No. 1. "Petitioner asserts that he did not have an unobstructed procedural shot at presenting such claim of 'actual innocence' (1) where it was foreclosed by

3

existing precedent at the time of his direct appeal and § 2255 petition[; and,] (2) [p]etitioner's claim is not based on the Constitution, but on decisions in Johnson/Dimaya/Davis interpretations of several statutes, which are retroactive decisions." ECF No. 1 at 5. By way of relief, petitioner asks this court to remove the career offender designation from his sentence thereby resulting in a sentencing range of 51-63 months which he has already served. ECF No. 1 at 8.

On February 10, 2021, petitioner filed a motion to amend his § 2241 petition in an effort to challenge the manner in which his federal stimulus funds were deducted from his prisoner trust account. ECF No. 13. Before respondent could address the pending motion to amend, petitioner filed a new § 2241 petition raising this same challenge. See Rice v. Thompson, Case No. 2:21-cv-00649-JAM-CKD (E.D. Cal.). Because petitioner commenced a new action, his motion to amend is now moot. Accordingly, the undersigned recommends denying his motion to amend. To the extent that respondent requests additional time to respond to the motion to amend, this request will be denied as unnecessary. ECF No. 26.

**II.     28 U.S.C. § 2241 Relief**

In his § 2241 application, petitioner states that "his sentence is no longer just" because his career offender sentence is unconstitutionally vague based on the recent decision in United States v. Davis, 139 S. Ct. 2319 (2019) (finding 28 U.S.C. § 924(c)(3)(B) unconstitutionally vague). ECF No. 1 at 6-7.

Respondent moves to dismiss on the grounds that petitioner's challenge to his sentence cannot be raised in a § 2241 petition because he does not meet any of the "escape hatch" exceptions of 28 U.S.C. § 2255(e). ECF No. 8. Therefore, this court lacks jurisdiction over petitioner's sentencing challenge. First, respondent contends that petitioner merely challenges the legal sufficiency of the career offender sentencing enhancements which does not equate to a claim of factual innocence. ECF No. 8 at 3-4 (citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008)). A challenge to the application of the advisory sentencing guidelines does not qualify for the escape hatch exception of 28 U.S.C. 2255(e). Id. at 4. Lastly, respondent points out that petitioner has had numerous unobstructed procedural shots at presenting his sentencing challenge on direct appeal as well as via several § 2255 motions. Id. Simply because the sentencing court

and the Ninth Circuit Court of Appeals have rejected petitioner's claims on the merits does not mean that he was denied the opportunity to challenge his sentence. Id. For all these reasons, respondent argues that the motion to dismiss the § 2241 petition should be granted based on lack of jurisdiction.

In his opposition to the motion filed on April 28, 2021, petitioner characterizes his actual innocence challenge to his sentence as a new claim that was not available on direct appeal or in his prior § 2255 motions. ECF No. 24. However, petitioner concedes that Johnson v. United States, 576 U.S. 591 (2015), on which he relies to argue that his prior conviction should not have been used to enhance his sentence, was decided while his direct appeal was still pending. ECF No. 24 at 27. In order to avoid the bar on second or successive § 2255 motions, petitioner argues that he is not challenging his conviction or sentence, but is challenging the manner of his confinement. ECF No. 24 at 7. Petitioner contends that he is similarly situated to the § 2241 petitioner in Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020), and therefore should be allowed to challenge his career offender status via the present § 2241 petition.

### III.  Legal Standards

Federal inmates have two avenues for pursuing habeas corpus relief. First, a challenge to a federal prisoner's conviction or sentence can be raised via a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. Section 2255 motions are filed in the judicial district where the conviction occurred. Alternatively, a federal inmate challenging the manner, location, or conditions involved in the execution of their sentence, may file a habeas corpus petition pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Jurisdiction over a § 2241 petition lies in the district of the prisoner's confinement.

Federal law also provides one exception to these broad categories of post-conviction relief referred to as the "escape hatch."

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

5

28 U.S.C. § 2255(e). This "escape hatch" permits a federal prisoner to "'file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his dentition.'" Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (quoting Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000)). However, courts have applied this exception very narrowly. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). Additionally, petitioner has the burden of demonstrating that his § 2255 remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In order to qualify for this escape hatch exception, a federal prisoner must not only make a claim of actual innocence, but also demonstrate that he did not have an unobstructed procedural shot at presenting that claim for relief. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006); Harrison v. Ollison, 519 F.3d 952, 959 (2008). Actual innocence is defined as not mere legal insufficiency of the evidence. See Bousley v. United States, 523 U.S. 614, 623 (1998). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. The Ninth Circuit recently held that a federal inmate may proceed with a § 2241 petition if he establishes that he is actually innocent of a non-capital sentence under the then mandatory United States Sentencing Guidelines. Allen v. Ives, 950 F.3d 1184, rehearing en banc denied, 976 F.3d 863 (9th Cir. 2020).

To determine whether petitioner had an unobstructed procedural shot at presenting a claim for relief, the court considers "whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy v. Pontesso, 328 F.3d at 1060-61)). Moreover, "[a]n intervening court decision must 'effect a material change in the applicable law' to establish unavailability" of a claim on direct appeal or in a prior section 2255 motion. Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (quoting Harrison, 519 F.3d at 960). A subsequent court decision that "provides further clarification" does not materially change the applicable law. Alaimalo, 645 F.3d at 1048. A federal inmate's § 2255 remedy will not be deemed "inadequate or ineffective"

merely because the claims presented in it were denied or precluded from being raised in a second or successive motion. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (emphasizing that "[a] remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits.'); Moore v. Reno, 15 F.3d 1054 (9th Cir. 1999) (concluding that a prisoner's § 2255 remedy was not inadequate or ineffective because the court of appeal refused to grant his application to file a second or successive motion).

**IV.    Analysis**

First and foremost, the court rejects petitioner's argument that he qualifies for the escape hatch exception because he has had an unobstructed procedural shot at presenting his challenge to his sentence as a career offender. Petitioner's § 2255 remedy was not "inadequate or ineffective" to challenge his sentence. The vagueness challenge to his career offender sentence pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), was not only available to him at the time he filed his first § 2255 motion, but was specifically raised and rejected by the sentencing court. See Rice II at ECF No. 133 (§ 2255 motion). Moreover, petitioner's appeal from the denial of his Section 2255 motion was not decided until after the Supreme Court decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), which petitioner relies on to suggest that his § 2255 remedy was inadequate to challenge his sentence.[3] A review of the sentencing court's docket reveals numerous "unobstructed procedural shots" at challenging his career offender sentence via his Section 2255 motion filed in 2016 and his 2018 appeal. Therefore, petitioner fails to meet this prong of the escape hatch exception to allow him to proceed via a § 2241 petition.

While petitioner argues that he is similarly situated with the petitioner in Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020), there is one critical difference. The petitioner in Allen was sentenced in 1997 under the mandatory sentencing scheme of the United States Sentencing Guidelines. Allen, 950 F.3d at 1189 (recognizing the difference between challenges to career offender sentences after the Sentencing Guidelines became advisory rather than mandatory). The

---

[3] In finding that this Supreme Court decision was available at the time of petitioner's § 2255 appeal, the court does not suggest that it has any application to petitioner's sentence. See Beckles v. United States, 137 S. Ct. 886, 895 (2017) (holding that the residual clause of § 4B1.2(a) of the United States Sentencing Guidelines was not subject to a void for vagueness challenge).

Ninth Circuit further determined that the petitioner in <u>Allen</u> could properly raise an actual innocence sentencing challenge via a § 2241 petition after finding that he had not had an unobstructed procedural shot at presenting this claim. <u>Allen</u>, 950 F.3d at 1190-91. In this case, the court has concluded that petitioner has had previous unobstructed procedural shots at presenting his sentencing challenge. Therefore, <u>Allen</u> is inapplicable to petitioner's case.

Because petitioner does not qualify for the escape hatch exception, this court does not have jurisdiction over his § 2241 claims challenging his sentence. Moreover, in light of petitioner's pending § 2255 motion in the sentencing court raising this same claim, transferring this action to the Northern District of California is not in the interest of justice. <u>See</u> 28 U.S.C. § 1631 (defining when a court without jurisdiction should transfer a civil action). For all these reasons, the undersigned recommends granting respondent's motion to dismiss and denying petitioner's § 2241 petition based on lack of jurisdiction.

**V.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has determined that you do not meet the escape hatch exception to be able to present your sentencing claim in a § 2241 petition in this court. If you disagree with this recommendation you have 14 days to explain why it is not the correct result. Label your explanation as "Objections to Magistrate Judge's Recommendation."

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for summary judgment (ECF No. 25) is denied as moot in light of the foregoing Findings and Recommendations.
2. Respondent's motion for an extension of time to respond to petitioner's motion to amend (ECF No. 26) is denied as moot.

IT IS FURTHER RECOMMENDED that:

1.  Respondent's motion to dismiss (ECF No. 8) be granted.
2. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed for lack of jurisdiction.

8

3. Petitioner's motion to amend (ECF No. 13) be denied as moot in light of his subsequently filed § 2241 petition in Rice v. Thompson, Case No. 2:21-cv-0649-CKD.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Porter v. Adams, 244 F.3d 1006-1007 (9th Cir. 2001) (explaining that a certificate of appealability is required when the § 2241 petition "raises previously unsuccessful claims attacking only the legality of his conviction and not the execution of his sentence."). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 2, 2021

/s/ Carolyn K. Delaney
_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/rice1258.mtd.2241+m2amend.docx